RECEIVED
IN LAKE CHARLES, LA
APR 13 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KURTIS J. RICHARD | : | DOCKET NO. 05-1424 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF SULPHUR, ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted, Alternatively Motion for Judgment on the Pleadings and/or Motion for Summary Judgment" (doc. #7) filed by defendants, West Calcasieu Cameron Hospital, Stephen Kershaw and J.P. Hatfield. On December 2, 2005, this Court granted a motion to stay filed by defendants pending the criminal trial of the Plaintiff and for the parties to conduct further discovery.[1] On December 7, 2005, counsel for Plaintiff filed a voluntary motion to dismiss certain claims of Plaintiffs against defendants, West Calcasieu Cameron Hospital, Stephen Kershaw and J.P. Hatfield pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. On December 14, 2005, this Court rendered a judgment dismissing all claims against West Calcasieu Cameron Hospital and Stephen Kershaw and further dismissing any negligence claims and 42 U.S.C. 1983 claims against J.P. Hatfield. Hence, the only remaining claim to be decided by this Court regarding the instant motion for summary judgment is an intentional tort claim against defendant, J.P. Hatfield. Pursuant to a motion, this Court lifted the stay on January 31, 2006. Defendants opposed lifting the stay on

---

[1] Plaintiff's attorney consented to the motion to stay in order conduct additional discovery.

February 14, 2006, which prompted the Court to issue an order on March 21, 2006 stating that the previous Order to lift the stay was to remain in full force and effect. No further briefs or additional evidence has been submitted. Thus, the motion for summary judgment as to J.P. Hatfield is ready to be decided.

## FACTUAL STATEMENT

J.P. Hatfield was employed as an Emergency Medical Technician Basic by West Calcasieu Cameron Hospital on May 2, 2004. On that day, Hatfield rendered treatment to Kurtis Richard during an ambulance run. Hatfield testified that he was dispatched to the scene based upon a possible drug overdose. Upon arrival, Hatfield and his partner Stephen Kershaw, testified that Plaintiff had to be restrained by about seven (7) Sulphur Police Officers, and that he was combative when they arrived at the scene and during the ambulance ride to the Hospital. Both Hatfield and Kershaw testified in their depositions that Plaintiff was so combative that he had to be transported by a "scoop"[2] in order for Plaintiff not to hurt himself or them. Plaintiff alleges in his Complaint that Hatfield participated in the beating of plaintiff either immediately before or sometime after he lost consciousness.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] As to issues

---

[2] The paramedics described the scoop as a curved piece of metal that fits on top of the stretcher from the patient's shoulders – over the body – down to the feet.

[3] Fed. R.Civ. P. 56(c).

2

which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

In the motion for summary judgment, Defendants submit evidence that includes the affidavits of Stephen Kershaw and J.P. Hatfield. In his affidavit, Hatfield declares that he never struck Plaintiff. Plaintiff submits no evidence, but states in his statement of facts that it is undisputed that Plaintiff's petition for damages alleges that either Stephen Kershaw or J.P. Hatfield beat "respondent near the time respondent lost consciousness."[9] Once defendant, Hatfield, set forth specific facts that he did not strike Plaintiff as alleged, the burden then shifts to Plaintiff to demonstrate by way of

---

[4] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *Anderson*, 477 U.S. at 249-50.

[9] Plaintiff's Statement of Facts, ¶ 1.

affidavit or other admissible evidence a genuine issue of fact for trial. As previously stated, the burden requires more than mere allegations or denials of the adverse party's pleadings. Plaintiff has failed to submit evidence that would create a genuine issue of fact for trial even after this Court stayed the case in order for Plaintiff to conduct additional discovery. Accordingly, the motion for summary judgment will be granted.

## CONCLUSION

Based on the foregoing, the motion for summary judgment filed by defendant, J.P. Hatfield, will be granted dismissing any intentional tort claims against this defendant.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of April, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE